UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23504-ALTMAN

**MANUEL RODRIGUEZ**, *et al.*,

    *Plaintiffs*,

v.

**SOCIAL SECURITY ADMINISTRATION**, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Our Plaintiffs, Manuel Rodriguez and Mirta E. Huerta Rodriguez, have filed a Motion for Leave to Proceed *in Forma Pauperis* (the "IFP Motion") [ECF No. 3] in their lawsuit against the Social Security Administration (the "SSA") and Administrative Law Judge Kim Soo Nagle (the "ALJ"). But, because the Plaintiffs' Complaint fails to state a claim on which relief may be granted, we now **DENY** the IFP Motion and **DISMISS** the Complaint [ECF No. 4] **without prejudice** under the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up).

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that leniency "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action," *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

## ANALYSIS

The Plaintiffs, acting *pro se*, claim (in a peripatetic and at times incomprehensible Complaint) that the SSA decreased their Supplemental Security Income ("SSI") payments several times between 2011 and 2018. *See* Complaint at 14–18. According to the Plaintiffs, these reductions to their monthly SSI payments were "the final result of a racist or discriminatory policy of the SSA against the Plaintiffs." *Id.* at 22. As relief, the Plaintiffs request "$1,500,000 for each one of us" or "$3,000,000 total for having been a victim of unequal treatment, Deprivations of Rights and violation Rights Due process and implicit racial discrimination[.]" *Id.* at 37 (errors in original).

2

The Plaintiffs' Complaint fails for any number of reasons. For one thing, it's an impermissible shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022) (Steele, J.). As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics. *See Dorman v. Palm Beach Cnty.*, 2020 WL 2078527, at *1 (S.D. Fla. Apr. 30, 2020) (Altman, J.). *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

Our Complaint is a shotgun pleading in at least two ways. *First*, it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[.]" *Embree*, 779 F. App'x at 662. For example, the Plaintiffs allege that the SSA racially discriminated against them by reducing their SSI benefits, but they don't offer a *single* factual—that is, non-conclusory—allegation supporting that claim. *See* Complaint at 22 ("It would seem that this is the final result of a racist or

3

discriminatory policy of the SSA against the Plaintiffs."); *id.* at 16 ("These racist gentlemen have already 'forgotten' that the *changes* in amounts could not exceed $3,000 per month and end with the moon of honey."); *id.* at 35 ("Any payment received in any way has been tainted by a discriminatory policy and both SSA and SSI know how much we should have been paid."). Other parts of the Complaint are even more vague and inscrutable. *See id.* at 33 ("[The ALJ] doesn't care about the Conflict of Interest and the attempt to violation Double Jeopardy Clause. 'What does one more stain on the tiger matter if is born stained anyway.'" (errors in original)); *id.* at 34 ("Still today they persecute us like birds of prey to see what we consumed and what we spent on."). These conclusory, vague, and immaterial statements have no place in a proper complaint.

*Second*, the Plaintiffs "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. On the last two pages of their 38-page Complaint, the Plaintiffs finally enumerate three counts: In Count I, they allege a violation of 18 U.S.C. § 242; in Count II, they allege a violation of the Fourteenth Amendment; and in Count III, they allege a violation of 12 C.F.R. § 19.8. *See* Complaint at 37–38. The Plaintiffs, however, direct all three counts at both Defendants. *See ibid.* And they similarly commingle their allegations throughout the Complaint. *See, e.g.*, *id.* at 35 ("We affirm [t]hat the SSA and the Judge have violated and stripped our State of Rights through a discriminatory, unequal and arbitrary action. The conduct of the defendants violates the Law and must be declared illegal, deployed in an inadmissible legal framework."). In doing so, of course, the Plaintiffs fail to specify "which of the defendants is the target of the particular claim" and, thus, do not "provide the Defendants with adequate notice of the claims brought against them." *Duncan v. NCS Pearson, Inc.*, 2022 WL 4632779, at *3 (S.D. Fla. Sept. 12, 2022) (Reinhart, Mag. J.), *report and recommendation adopted*, 2022 WL 4598717 (S.D. Fla. Sept. 30, 2022) (Cannon, J.).

In addition to being a shotgun pleading, the Complaint is facially deficient under 28 U.S.C. § 1915(e)(2)(B) in two glaring ways. *One*, the Plaintiffs purport to assert claims against an administrative law judge who was acting within the scope of her judicial capacity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (cleaned up). And, as the Supreme Court has explained, this doctrine of judicial immunity applies with equal force to federal administrative law judges, who are likewise "entitled to absolute immunity from damages liability for their judicial acts." *Butz v. Economou*, 438 U.S. 478, 514 (1978); *see also Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001) ("[F]ederal [ALJs] are entitled to absolute judicial immunity because their responsibilities are functionally comparable to those of trial judges, including issuing subpoenas, ruling on evidence, regulating hearings, and making or recommending decisions."). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley*, 437 F.3d at 1070. In this case, the Plaintiffs—who never suggest that the ALJ acted without jurisdiction—are trying to sue an ALJ in her judicial capacity *for damages*, so the ALJ is entitled to absolute judicial immunity.[1]

*Two*, Count I is facially deficient because it purports to bring a claim under a federal criminal statute that *doesn't* provide a private cause of action. Specifically, in Count I, the Plaintiffs try to assert a cause of action under 18 U.S.C. § 242. *See* Complaint at 37 ("COUNT 1 = VIOLATION OF THE SECTION 18 U.S. Code § 242 DEPRIVATION OF RIGHTS UNDER COLOR OF LAW."). But § 242 is a criminal statute that "do[es] not give rise to a private cause of action." *Cohen v. Carmel*, 2010 WL 2991558, at *1 (S.D. Fla. July 27, 2010) (Cooke, J.). As such, Count I fails to state a viable claim

---

[1] The Defendants have not yet been served, *see generally* Docket, but their "failure to plead the affirmative defense of judicial immunity" does *not* "preclude[ ] dismissal" because "dismissal is available, as in this case, when the defense is an obvious bar given the allegations." *Sibley*, 437 F.3d at 1070 n.2.

5

for relief. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Diamond v. Charles*, 476 U.S. 54, 65 (1986) ("[T]he power to create and enforce a legal code, both civil and criminal[,] is one of the quintessential functions of a State." (cleaned up)). Because Count I of the Complaint is "premised upon [a] violation[ ] of [a] federal criminal statute[,]" it "fails to state a claim for relief." *Smith v. JP Morgan Chase Bank*, 2020 WL 9598942, at *2 (N.D. Ga. May 13, 2020).

The Complaint, as it stands, suffers from several fatal flaws. As we've explained, it's "a rambling 'shotgun' pleading that is so disorganized and ambiguous that it is almost impossible to discern precisely what it is that the[ ] [plaintiffs] are claiming." *Cramer v. State of Fla.*, 117 F.3d 1258, 1261 (11th Cir. 1997). It's also a shotgun pleading because it "fails . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Finally, the Complaint purports to bring a claim under a criminal statute that doesn't provide a private cause of action and seeks to impose liability on an absolutely-immune administrative law judge. For all these reasons, we dismiss the Complaint under § 1915(e)(2)(B). Still, we'll give the Plaintiffs one opportunity to amend their Complaint in a manner that's consistent with the Federal Rules, Eleventh Circuit law, and this Order.

Accordingly, the Court hereby **ORDERS and ADJUDGES** as follows:

1. The Complaint [ECF No. 4] is **DISMISSED without prejudice**. By **October 23, 2023**, the Plaintiffs shall file an amended complaint. If, by that date, the Plaintiffs fail to file an amended complaint that complies with the Federal Rules, the Local Rules, and this Order, their case will be dismissed.

2. The claims against the Defendant, Judge Kim Soo Nagle, are **DISMISSED with prejudice**. The Clerk is directed to **TERMINATE** this Defendant from the case.

3. The Clerk of Court shall **CLOSE** this case for administrative purposes pending the Plaintiffs' filing of an amended complaint.

**DONE AND ORDERED** in the Southern District of Florida on September 22, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Mirta E. Huerta Rodriguez, *pro se*
Manuel Rodriguez, *pro se*